NOT FOR PUBLICATION                                              CASE CLOSED

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ADVANCED ACUPUNCTURE CLINIC, INC. d/b/a/ ADVANCED THERAPY CLINIC, ALLIED MEDICAL, P.A., and CASEY OIE, D.C. d/b/a/ BLAKE CHIROPRACTIC and individually and on behalf of others similarly situated, | |
| Plaintiffs, | Civil Action No. 07-5445 (JAP) |
| v. | **OPINION** |
| FARMERS INSURANCE EXCHANGE, | |
| Defendant. | |

Presently before the Court is the motion of Defendant to dismiss Plaintiffs' Complaint, pursuant to Fed. R. Civ. P. Rule 12(b)(1) and 12(b)(6), or, alternatively, for summary judgment, pursuant to Fed. R. Civ. P. 56. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332. Having considered all arguments presented, the Court grants Defendants' motion to dismiss.

**I.   Background**

Plaintiffs are in the business of providing medical services. Plaintiff, Advanced Therapy Clinic ("Advanced Therapy"), is a Texas corporation with its principal place of business in Corpus Christi, Texas. Plaintiff, Allied Medical, P.A. ("Allied") is a Kansas professional association with a business address in Wichita, Kansas. Plaintiff, Blake Chiropractic Center

-1-

("Blake Chiropractic") is a Minnesota sole proprietorship with a business address in Hopkins, Minnesota.

Defendant, Farmers Insurance Exchange ("Farmers") is a California corporation with its principal place of business in Los Angeles, California. Farmers conducts and does business in this District. Plaintiffs allege that Farmers is the corporate parent of non-parties, Illinois Farmers Insurance Company ("Illinois Farmers"), Farmers Insurance Company, Inc. ("Farmers, Inc."), and Mid-Century Insurance Company of Texas ("Mid-Century Texas"). Compl. ¶ 10.

In the automobile insurance industry, medical payments coverage is a contractual form of "no-fault" coverage entered into between the insurance company and the insured for payment of medical bills. Personal injury protection coverage ("PIP") also provides no-fault coverage for payment of medical bills. No-fault, or MedPay, coverage provides for prompt medical treatment, up to policy limits, in order to mitigate harm and improve recovery from injury. Coverage also helps relieve any anxiety individuals may have regrading the availability of funds for medical expenses.

The claims in this case arise from three automobile accidents in which the claimants were injured and received medical treatment from Plaintiffs. The claimant who received treatment from Blake Chiropractic was insured by non-party, Illinois Farmers. The claimant who was treated by Allied was covered by the other driver's insurance company, non-party, Farmers, Inc. The claimant who was treated by Advanced Therapy had her treatment covered by the other driver's insurance company, non-party, Mid-Century Texas.

Plaintiffs allege that Defendant utilizes a fee review software ("fee review"), which compares the amount billed for a procedure to percentile benchmarks an insurer selects. If there

is a portion of the charge that exceeds the benchmark, that portion of the claim is excluded from coverage. The percentile benchmarks are embedded into the software and used to adjust and audit first-party claims for medical expenses. Coverage exclusions are denoted in the "Explanation of Review" ("EOR") form, under the "Allowance" and "Reasons" code columns, provided to Plaintiffs as codes "RC 40." The EOR states that the charges are compared to the prevailing billing practices for medical providers within the geographic area and that the reimbursement rate could differ from the actual amount billed.

      As examples, Plaintiffs cite to several instances of reductions in their Complaint. Allied claims that it submitted a medical bill, which contained a line item charge for $50.00. Farmers, Inc. reimbursed Allied $58.00, which excluded $2.00 from coverage. Blake alleges that it submitted a medical bill with a line item charge of $28.42. Illinois Farmers reimbursed Blake $25.38 and excluded $3.04 from coverage. Blake also claims that it submitted another medical bill, which contained a line item charge for $69.02. Illinois Farmers reimbursed Blake $64.00, which excluded $5.02 from coverage. Advanced Therapy alleges that it submitted a medical bill, which contained a line item charge for $35.00. Mid-Century Texas reimbursed Advanced Therapy $30.00, which excluded $5.00 from coverage. Each insurance company sent an EOR to Plaintiffs, which set forth the "Charge," "Reduction," and "Allowance" along with "Reason Code(s)" and a statement regarding the basis for the reduced payment.

      Plaintiffs allege that the insurance policies executed between the non-party insurance companies and the insureds treated by Plaintiffs state that, in the event of an automobile accident, the insurance companies will pay PIP benefits for reasonable medical expenses for necessary medical treatment.

## II.     Procedural History

On November 12, 2007, Plaintiffs filed the present action against Defendant.  Generally, the Complaint alleges that Defendant, as parent company of the non-party insurance companies, issues policies that require payment of all reasonable expenses for necessary medical services. Plaintiffs claim that Defendant improperly uses "computer-generated bill review reports" to arbitrarily discount PIP claims for first-party medical benefits below the amounts billed by the insured's medical providers based on the fee review's artificial percentile reimbursement cap.

The Complaint contains one count for breach of contract.  Furthermore, Plaintiffs seek to represent a class of insureds and/or their assignees, pursuant to Fed. R. Civ. P. 23.  The putative class is named "Contract Class" and includes those insureds who sustained injuries in a covered occurrence and:

> (a) submitted first-party claims for payment of medical expenses to Farmers; (b) had their claim submitted to computer fee review; (c) received payment in an amount less than the submitted medical charge (but greater than zero) based on a "fee review" code reduction (such as 40); and [(d)] did not exhaust policy limits.

Compl. ¶ 57.  Alternatively, the Complaint identifies a second putative class named "Alternative Contract Class."  The alternate class membership is based on the same criteria as the first class, but limited to insureds in Arkansas, California, Colorado, Florida, Georgia, Illinois, Kansas, Maryland, Minnesota, Missouri, New Jersey, New York, North Carolina, Ohio, Oregon, Pennsylvania, Tennessee, Texas, Virginia and Washington.  *Id.*

By Order dated November 16, 2007, in a related case, because a number of similar cases were simultaneously being filed by Plaintiffs' counsel and in the interests of judicial economy,

the Court ordered a case management conference to be scheduled.  On March 18, 2008, Defendant filed its motion to dismiss Plaintiffs' Complaint, pursuant to Fed. R. Civ. P. 12(b)(1) or 12(b)(6), or, alternatively, for summary judgment, pursuant to Fed. R. Civ. P. 56.  Plaintiffs oppose the motion.  On March 20, 2008, the Court held the case management conference.  Having reviewed the parties' submissions, the Court now decides the motion.

### III.   Legal Discussion[1]

Federal Rule of Civil Procedure 12(b)(1) allows a party to move for dismissal of a case based on lack of subject matter jurisdiction.  FED. R. CIV. P. 12(b)(1).  The plaintiff bears the burden of proving that subject matter jurisdiction properly exists in the federal court.  *Mortensen v. First Federal Sav. and Loan Ass'n.*, 549 F.2d 884, 891 (3d Cir. 1977).  When considering a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."  *Id.*

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint that fails

---

[1] The plaintiffs in *Advanced Acupuncture Clinic, Inc. v. Allstate Ins. Co.*, Case No. 07-4925 (JAP), have asked the Court to certify their class action.  Defendant has chosen to await the Court's decision before addressing the class allegations, pursuant to the Court's January 24, 2008 Order directing the defendants in all related actions to coordinate their arguments.  Because the Court has decided to deny class certification in the *Allstate* matter, the issue, as it pertains to this action, is moot.

Additionally, Defendant argues that the Court should grant its motion to dismiss because Plaintiffs have failed to allege proper assignment of the insureds' claims and several of the policies contain a non-assignment provision.  The Court, however, declines from addressing this issue due to equitable arguments made by Plaintiffs' counsel and will limit its analysis to the other issues raised.

"to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In considering a Fed. R. Civ. P. 12(b)(6) motion, a court accepts as true all of the factual allegations within the complaint and any reasonable inferences that may be drawn from them. *Hayes v. Gross*, 982 F.2d 104, 106 (3d Cir. 1992). Claims should be dismissed under Fed. R. Civ. P. 12(b)(6) where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). Though a court must take as true all facts alleged, it may not "assume that the [plaintiff] can prove any facts that it has not alleged." *Associated Gen. Contractors of Calif., Inc. v. Calif. State Council of Carpenters,* 459 U.S. 519, 526 (1983). Further, on a Fed. R. Civ. P. 12(b)(6) motion, a court shall properly reject any "conclusory recitations of law" pled within the complaint. *Commonwealth of Pennsylvania v. PepsiCo, Inc.,* 836 F.2d 173, 179 (3d Cir. 1988); *see Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (noting that "a court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss").

   Accordingly, a district court reviewing the sufficiency of a complaint has a limited role. In performing that role, the court determines not "whether the plaintiffs will ultimately prevail," but "whether they are entitled to offer evidence to support their claims. *Langford v. Atlantic City,* 235 F.3d 845, 847 (3d Cir. 2000); *see also In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1420 (3d Cir. 1997); *Syncsort Inc. v. Sequential Software, Inc.,* 50 F. Supp. 2d 318, 325 (D.N.J. 1999); *In re MobileMedia Sec. Litig.,* 28 F. Supp. 2d 901, 922 (D.N.J. 1998). Generally, the court's task requires it to disregard any material beyond the pleadings. *Burlington Coat,* 114 F.3d at 1426; *Pension Benefit Guar. Corp. v. White Consol. Indus.,* 998 F.2d 1192, 1196 (3d Cir. 1993).

A district court may, however, consider the factual allegations within other documents, including those described or identified in the complaint and matters of public record, if the plaintiff's claims are based upon those documents. *Burlington Coat,* 114 F.3d at 1426; *In re Westinghouse Sec. Litig.,* 90 F.3d 696, 707 (3d Cir. 1996); *In re Donald Trump Sec. Litig.*, 7 F.3d 357, 368 n.9 (3d Cir. 1993); *Pension Benefit Guar. Corp.,* 998 F.2d at 1196. In other words, the court may review such documents that are "integral to or explicitly relied upon in the complaint," *Burlington Coat,* 114 F.3d at 1426 (citation and quotations omitted), so as to avoid

> [t]he situation in which a plaintiff is able to maintain a claim of fraud by extracting an isolated statement from a document and placing it in the complaint, even though if the statement were examined in the full context of the document, it would be clear that the statement was not fraudulent.

*Id.* Yet just because the court elects under these circumstances to examine documents outside of the complaint does not mean that it need treat the motion as one for summary judgment. *Burlington Coat,* 114 F.3d at 1426; *Pension Benefit Guar. Corp.,* 998 F.2d at 1196-97.

It is well-settled law that, absent extraordinary circumstances, a contract only binds those who are parties to it. "It goes without saying that a contract cannot bind a nonparty." *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 295 (2002). *See also* 17A AM. JUR. 2D *Contracts* § 412 (2004) ("Generally, the obligation of contracts is limited to the parties making them, and, ordinarily, only those who are parties to contracts are liable for breach."). Plaintiffs do not allege that Defendant is a party that entered into insurance policies with the insureds. At most, Plaintiffs can only allege that Defendant manages the claims arising under the Policies and adjusted Medpay claims submitted by the claimants. Compl. ¶¶ 12, 17. Defendant, however, did not underwrite any of the insurance policies at issue in this case; therefore, they are not parties to the

insurance contract and cannot be held liable for any alleged breach.  As such, the Court finds that Plaintiffs have failed to state a claim against Defendant.

IV.   **Conclusion**

For the reasons stated above, the Court finds that Plaintiffs have failed to state a claim upon which relief can be granted.  Thus, Defendants' motion to dismiss Plaintiffs' Complaint is granted.  An appropriate order follows.

/s/ JOEL A. PISANO
United States District Judge

Dated: August 26, 2008